EDWARD W. TAYLOR, Respondent, v. WILLIAM W. ATKIN, Appellant.

Kansas City Court of Appeals, May 30, 1898.

Appellate Practice. EVIDENCE: INSTRUCTIONS. Where the issues on proper evidence and instructions are submitted to the jury, the finding is conclusive on the appellate court.

*Appeal from the Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

AFFIRMED.

JAS. C. RIEGER for appellant submitted brief and argument on merits.

STEWART TAYLOR for respondent.

Upon the whole record, it is apparent that the case was fairly tried, the issues fairly submitted to the jury, and by the jury impartially considered. The verdict is amply supported by the evidence, and judgment of the court below should be affirmed.

SMITH, P. J.—This suit was begun by plaintiff against defendant before a justice of the peace to recover $130 for legal services performed by the former for the latter. At the trial it was conceded by the defendant that the plaintiff had performed the services and that the charge made therefor was reasonable, so that the only issue left was whether the defendant requested the performance of the services by plaintiff, or whether defendant knew that plaintiff was performing the same in his behalf, and was looking to him for compensation therefor and with this knowledge permitted plaintiff, without objection, to continue the performance thereof.

The plaintiff's testimony tended to establish his employment by the defendant to perform the services for which the charge was made. He was clear and explicit as to time, place and circumstances. On the other hand the defendant's testimony tended to establish the negative of the issue. The court by a number of instructions, given at the request of the parties, submitted the affirmative and negative of the issue to the jury, whose finding is conclusive on us. An examination of the entire evidence and instructions has convinced us that the case was tried in the court below in conformity to correct principles of law.

The defendant's criticism of the action of the court in the giving and refusing of instructions is exceedingly hypercritical. His second instruction,

which was refused by the court, was not within the limits of the issue and if it had been it was without evidence to support it.

The judgment was clearly for the right party and must be affirmed, and it is accordingly so ordered. All concur.

